## McWILLIAMS *v.* PARKER *et al.*

1. Where an alleged owner brings suit to enjoin removal of personal property and the defendant sets up title to the property, and at an interlocutory hearing the judge grants the defendant a right to take the property upon giving an approved bond; and after refusal to give the bond the judge grants another order directing the sheriff to sell the property and hold its proceeds subject to the further order of court, and the sheriff makes sale of the property and subsequently turns over the proceeds of the sale to the plaintiff; and at a subsequent trial of the equity suit, without the sheriff ever having been made a party to the case, a general verdict is rendered for the defendant, the verdict will not be construed as binding the sheriff personally. The court is without jurisdiction as to the sheriff, and a decree that purports to render a money judgment against the sheriff for the amount of the proceeds of sale, with interest thereon, is void for want of jurisdiction as to the sheriff, and may be set aside upon motion.

2. If there was any error in the admission of evidence as complained of in the motion for new trial, it was not cause for reversal.

No. 3707. FEBRUARY 26, 1924.

Equitable petition. Before Judge Irwin. Haralson superior court. March 5, 1923.

J. F. B. Boswell instituted an equity suit against Mrs. W. C. McWilliams, and her agents, G. W. Miller and Elbert Miller, for injunction to prevent removal of certain personalty, and for receiver to take charge of the property. The petition alleged that the property consisted of a sawmill outfit that had been sold under a retention-of-title contract, and that it was the subject of a pending trover suit based on failure to pay all the purchase-price. The answer denied the substantial allegations of the petition, and alleged a right to the property. The judge refused a temporary in-

junction, and by the order provided that "Mrs. McWilliams have the privilege of giving a good and solvent bond within five days, indemnifying the plaintiff for this debt and cost in the trover suit. In case of failure to give such bond the injunction prayed for is granted, and the sheriff of Haralson County, Ga., is directed to take charge of the property and care for same pending the termination of this suit." The foregoing order was modified on ancillary petition of Boswell, duly served on Mrs. McWilliams, after failure of the latter to give bond. The second order was dated October 30, 1913, and stated: it appearing "that said property is now in the possession of R. H. Parker, sheriff of said county, and is liable to deteriorate in value, and there is expense in keeping same, it is ordered by the court that the sheriff of said county sell at public outcry the property described in the original petition, after advertising the same" in a specified manner, and "that the sheriff hold the proceeds of said sale subject to the order of the court hereafter to be determined." A verdict was returned in the equity suit on February 5, 1919, in favor of the defendant. A decree was rendered on July 24, 1919, which, after setting forth the verdict, provided: "And it appearing to the court that the property involved in said cause as described in plaintiff's petition has heretofore been sold under order of the court, by R. H. Parker as receiver for same in this case, for the sum of $476, it is therefore ordered and adjudged by the court that Mrs. W. C. McWilliams do have and recover said sum of $476 in lieu of said property, and said R. H. Parker is hereby ordered and directed to deliver and turn over instanter said fund of $476 to said Mrs. W. C. McWilliams. And it further appearing to the court that the receiver did, on April 7th, 1915, deliver said fund of $476 to plaintiff, J. F. B. Boswell, it is further ordered and directed that R. H. Parker as receiver pay over to Mrs. W. C. McWilliams interest on said fund of $476 at the rate of 7 per cent. per annum from said date of April 7th, 1915, to the date of payment to Mrs. W. C. McWilliams. And it appearing to the court that plaintiff, J. F. B. Boswell, has had possession of same since April 7th, 1915, it is considered, ordered, and adjudged that Mrs. W. C. McWilliams do have and recover of said J. F. B. Boswell the sum of $476, with interest thereon at the rate of 7 per centum per annum from said April 7th, 1915. The payment of said sum of $476, with interest thereon at said rate from the date named, by

either R. H. Parker, receiver, or by the plaintiff, J. F. B. Boswell, to Mrs. W. C. McWilliams, shall be full satisfaction of said Mrs. W. C. McWilliams' claim to the property involved in this cause and to the funds standing in lieu thereof. And it is considered, ordered, and adjudged by the court that said Mrs. W. C. McWilliams do have and recover of the plaintiff, J. F. B. Boswell, for use of officers of court, the sum of —— dollars, costs of this suit." On motion of R. H. Parker the judge, on July 17, 1922, rendered a judgment setting aside the decree in so far as it affected R. H. Parker, striking therefrom the direction that he deliver and turn over instanter the fund of $476 to Mrs. McWilliams, and that he as receiver pay to her interest on said fund, etc. Mrs. McWilliams excepted to this latter judgment.

*H. J. McBride,* for plaintiff in error.

*I. N. Cheney* and *Edwards & Edwards,* contra.

ATKINSON, J. 1. It appears from the pleadings in the equity suit that R. H. Parker was not a party to that case; and consequently the court did not have jurisdiction to render a personal judgment against him. The verdict did not purport to bind him. Considering the decree in its entirety and giving due weight to that part which states that the fund arising from sale of the property had been delivered to J. F. B. Boswell, the portion of the decree that was set aside by the judge should be construed as a personal judgment for a stated amount of money based on a breach of official duty to Mrs. McWilliams. The court was without jurisdiction as to that matter, and it was not erroneous to set aside that part of the judgment on the ground that it was void.

2. If there was any error, on the trial of the motion to set aside the decree, in admitting in evidence copies of the record in the trover suit and the judgment for the plaintiff therein, or the record in a proceeding by Boswell against Parker and the judgment based thereon, ordering payment to Boswell of the money arising from sale of the property on his giving bond, or in admitting evidence showing that the bond was given and the money paid over to Boswell under the order of the court, the error affords no ground for a reversal. The judgment upon which error was assigned was demanded on account of the absence of jurisdiction as to Parker in the equity suit, and the admission of the evidence objected to could not have affected the case.

*Judgment affirmed. All the Justices concur.*